```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  CHARLOTTE DIVISION
                   3:09CV163-MU-02
```

| | | |
|---|---|---|
| **PAUL D. CASSELL,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     v. | ) | **ORDER** |
| | ) | |
| **ALVIN KELLER, JR.,** | ) | |
|     **Respondent.** | ) | |

**THIS MATTER** comes before the Court on Petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254 (document # 2). Such Petition was filed April 9, 2009, in the United States District Court for the Middle District of North Carolina, and transferred here, pursuant to 28 U.S.C. §§ 1404 and 2241(d), on April 17, 2009. <u>See</u> Transfer Order (document # 4).

According to the Petition and its attachments, on December 3, 2007, Petitioner was arrested on charges filed by Gaston County in nine separate cases, including cases 07CRS68791 and 07CR68792. On January 31, 2008, Petitioner reportedly pled guilty to the charge of "Identity Fraud Theft" as alleged in case number 07CRS68791 in exchange for the dismissal of all of the other charges, except the one alleged in case number 07CR68792. After accepting his guilty plea to the identity fraud/theft charge, the Superior Court of Gaston County sentenced Petitioner

1

to a term of 13 to 16 months imprisonment. On the occasion of his sentencing, Petitioner was given credit for 59 days which he had spent in pre-trial detention. However, the final charge from case number 07CR68792 remained pending against Petitioner for an additional 29 days until it was dismissed by the State Court.

Petitioner did not directly appeal his conviction or sentence from the identity fraud/theft case. Instead, on January 22, 2009, counsel from the North Carolina Prisoner Legal Services, Inc. ("NCPLS," hereafter) wrote the Clerk of the Superior Court of Gaston County and asked that Petitioner receive an additional 18 days worth of credit toward his sentence for time which he spent in the Tazewell County Jail in Virginia on a fugitive warrant from the North Carolina Department of Correction. Such detention reportedly occurred from August 15, 2008 until September 2, 2008. Also on January 22, 2009, the NCPLS wrote Petitioner a letter, advising of its recent request to the Court for the additional 18 days worth of credit. That letter further advised Petitioner that pursuant to North Carolina law, he was not entitled to an additional 29 days worth of pre-trial credit for the time which he spent in the Gaston County Jail because that 29-day period had occurred after the resolution of the identity fraud/theft case, and he actually was detained on a charge (in case 07CR68792) that ultimately was dismissed. On January 26, 2009, the Honorable Jesse B. Caldwell, Presiding

Judge, signed an Order granting Petitioner the 18 days worth of credit for the Virginia detention.

Next, on March 19, 2009, an attorney from the Gaston County Public Defender's Office wrote Petitioner and essentially re-iterated the NCPLS's explanation that, although Petitioner was entitled to credit for the time that he spent in pre-trial detention in Virginia in connection with the identity fraud/theft charge (case number 07CRS68791), he was not entitled to any additional credits for the 29 days which he spent in jail following that conviction because the case for which he was held for those 29 days did not result in a conviction.

Undeterred, on March 27, 2009, Petitioner wrote the Gaston County Clerk of Court and requested that he receive credit for the additional 29 days which he spent in the Gaston County Jail on the dismissed charge from case number 07CR68792. The record does not reveal what, if any, response he has received from that most recent effort.

In any case, on April 7, 2009, Petitioner filed the instant Petition, arguing that his right to due process have been violated by the State court's refusal to award him the subject 29 days jail credit, that he is entitled to the 29 days of credit, and that his Fourth, Fifth and Fourteenth Amendment rights have been violated by the denial of the credit. However, this Court finds that Petitioner's Petition may be subject to dismissal as

time-barred.

That is, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides that Petitions such as the instant one be filed within the 1-year period after the underlying conviction and/or sentence has become final. The 1-year limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record reflects that Petitioner was convicted and sentenced on January 31, 2008, and he did not directly appeal his case. Consequently, Petitioner's case became final on February 14, 2008, i.e., at the expiration of the 14-day[1] period during which he could have sought a direct appeal in the North Carolina Court of Appeals. See Clay v. United States, 537 U.S. 522 (2003)

---

[1] Prior to 2001, North Carolina law provided a 10-day period in which to give notice of an appeal. However, by January 2008, Rule 4 already had been amended to provide the 14-day appeal period which is applicable herein.

4

(holding that AEDPA 1-year limitations period starts running from the date when the judgment of conviction became final at the end of direct review, or when the time for seeking such direct review expired); and N.C.R.App. P. 4(a) (now providing fourteen days for service of notice of appeal). Ultimately, then, Petitioner had up to and including February 14, 2009, in which to file the instant federal Petition.

Furthermore, even if the Court were to construe Petitioner's most recent letter to the Clerk of Court as a de facto motion for appropriate relief, such construction likely would be of no benefit to Petitioner as it was filed after the expiration of his one-year limitations deadline. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period).

Prior to early 2002, federal district courts routinely dismissed habeas corpus petitions which, like this one, appeared on their faces to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year

5

limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Consequently, the Court finds that Petitioner must be given an opportunity to explain why he believes that his Petition timely was filed.

**NOW, THEREFORE, IT IS HEREBY ORDERED that** within fourteen (14) days of the date of this Order, Petitioner shall file a document explaining why the instant Petition for a Writ of <u>Habeas Corpus</u> should be construed as timely filed. **Failure to comply with this directive will subject this Petition to summary dismissal without further notice to Petitioner.**

**SO ORDERED.**

Signed: April 23, 2009

*Graham C. Mullen*
Graham C. Mullen
United States District Judge