```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:09CV163-MU-02
```

PAUL D. CASSELL,            )
    Petitioner,         )
                        )
    v.                      )                  <u>ORDER</u>
                        )
ALVIN KELLER, JR.,          )
    Respondent.         )
_____)

**THIS MATTER** comes before the Court on Petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed April 7, 2009 (document # 2); and on his document captioned as a "Declaration Timely Filing of Petition," filed May 5, 2009 (document # 6).

Rule 4 of the Rules Governing Section 2254 Cases, directs <u>habeas</u> courts promptly to examine <u>habeas</u> petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. For the reasons stated herein, Petitioner's <u>Habeas</u> Petition will be <u>dismissed</u> as time-barred.

                **I.    FACTUAL AND PROCEDURAL BACKGROUND**

As was recounted in the Court's Order of April 23, 2009 (document # 5), Petitioner reports that on January 31, 2008, he

pled guilty to a charge of "Identity Fraud Theft. As a consequence of that plea, the Superior Court of Gaston County convicted Petitioner and sentenced him to a term of 13 to 16 months imprisonment. Petitioner did <u>not</u> appeal either his conviction or sentence.

Rather, on April 7, 2009, Petitioner addressed the instant <u>Habeas</u> Petition and placed it in his prison's mailing system. Such Petition, by its three allegations, challenges the State court's failure to give him jail credit for a 29-day period which he spent in pre-trial detention at the Gaston County Jail. However, upon the Court's initial review of Petitioner's claims, it observed that his Petition appeared to be time-barred. Accordingly, on April 23, 2009, the Court entered an Order pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4t Cir. 2002), advising Petitioner of its observation that his Petition appeared to be time-barred, and instructing him to file a document explaining why such Petition should be construed as timely filed. To that end, on May 5, 2009, Petitioner filed a Declaration, purportedly in response to the Court's <u>Hill</u> Order.

## II. **<u>ANALYSIS</u>**

As previously was explained to Petitioner, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

2

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) through (D).

In the instant case, Petitioner was convicted and sentenced on January 31, 2008, and he did not appeal his case. Therefore, Petitioner's conviction and sentence became final no later than February 14, 2008, i.e., at the expiration of the fourteen day period during which Petitioner could have sought a direct appeal. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought);

3

and N.C.R.App. P. 4(a) (providing fourteen days for service of notice of appeal). Based upon the foregoing, Petitioner had up to and including February 14, 2009, in which to file the instant federal Petition. Obviously, however, Petitioner did not meet that deadline.

Petitioner was given an opportunity to explain why he believes his Petition should be construed as timely filed. However, the Declaration which Petitioner filed is neither helpful nor responsive to the critical question of timeliness. That is, Petitioner's Declaration does not offer any date-related information beyond what originally was presented in his Petition. In fact, Petitioner's Declaration essentially is a re-hashing of his claims that he is entitled to the 29 days of jail credit. Specifically, Petitioner reiterates the date for his arrest on his charges. Petitioner further advises the Court of the January 31, 2008 date on which he pled guilty and was convicted of the identity fraud/theft charge, as well as the February 29, 2008 date on which a final charge was dismissed. Suffice it to say, however, this information falls short of establishing the timeliness of Petitioner's Petition pursuant to any of the grounds set forth in § 2244(d)(1).

Moreover, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where –- due to circumstances external to the party's own conduct –- it

would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc). However, a review of Petitioner's Declaration shows that he also has not articulated any such rare circumstances for equitable tolling.

Similarly, the Court finds that even when it takes into consideration that Petitioner submitted two post-judgment letters to the State court between the time of his conviction and the time he filed the instant federal Petition, that fact is of little moment. To be sure, the first letter was sent to the Superior Court of Gaston County by North Carolina Prisoner Legal Services on January 22, 2009. Although that letter was submitted prior to the expiration of the February 14, 2009 deadline, it was totally unrelated to the current claim in that the NCPLS letter sought credit for an 18-day period which Petitioner spent in pre-trial detention on the identity fraud/theft charge -- the charge for which he stands convicted. By contrast, Petitioner currently is seeking 29 days of credit for a period of confinement which he spent following his conviction on the fraud charge. Moreover, the charge for which Petitioner spent that 29-day detention ultimately was dismissed. Therefore, even if this Court were to construe the NCPLS letter as a de facto motion for appropriate relief, such motion still could not toll the limitations period for the instant federal claims because it did not raise the same

5

claim as the ones being raised herein.[1]

Likewise, the Court is aware that Petitioner also sent his own letter to the Superior Court of Gaston County on March 27, 2009; and that such letter, for the first time, raised the issue of the 29-day jail credit. However, by the time that the second letter was sent, Petitioner's one-year limitation period already had expired more than 30 days earlier on February 14, 2009. Again, therefore, even if Petitioner's letter could be construed as a <u>de facto</u> motion for appropriate relief, the time during which he sought that collateral relief still cannot be used to toll the one-year limitations period. <u>See</u> <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period).

Additionally the Court's determination of untimeliness is not altered by Petitioner's assertion that he would have filed his federal Petition sooner, were it not for the Gaston County Clerk's refusal to provide him with free copies of certain documents from his files. Indeed, that information does not establish that Petitioner was a victim of a circumstance beyond his own control. <u>See</u> <u>United States v. Sosa</u>, 364 F.3d 507, 511-13

---

[1] As such, the claims which Petitioner now is raising are unexhausted and subject to summary dismissal apart from any issues relating to timeliness.

6

(4th Cir. 2004) (noting requirement that circumstances which prevented timely filing be beyond petitioner's control). Rather, Petitioner's assertion tends to show that his inability sooner to receive the subject copies was due to his failure to pay for them, not due to some wrongful conduct on the part of the Clerk.

Finally, it has not escaped the Court's attention that even if this Petition had been timely filed here, Petitioner still would not be entitled to any relief on his claims. To be sure, N.C. Gen. Stat. § 15-1961.1 provides that jail credit can only be awarded for a period of detention on a charge which results in the sentence of conviction. In the instant case, Petitioner never was convicted on the charge which caused the additional 29-day period of detention. In any event, therefore, Petitioner simply would not be able to establish that the State Court's denial of his request for 29 days of jail credit was contrary to, or involved an unreasonable application of any of his constitutional rights or any other clearly established Federal law, as determined by the United States Supreme Court.

### III. CONCLUSION

Petitioner's Petition was filed outside of the applicable one-year limitations period, and he has failed to establish a basis for the equitable tolling of that deadline. Accordingly, the instant Petition must be dismissed as time-barred.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: May 12, 2009

Graham C. Mullen
United States District Judge